IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **WASH OUMA**, | Case No. 3:24-cv-00991-IM |
| Plaintiff, | **OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| **PORTLAND STATE UNIVERSITY**, | |
| Defendant. | |

Wash Ouma, Portland, OR 97214. Pro Se.

Erin M. Burris, Miller Nash LLP, 1140 SW Washington Street, Suite 700, Portland, OR 97205. Attorney for Defendant.

**IMMERGUT, District Judge.**

    Before this Court is a Motion to Dismiss ("Mot.") filed by Defendant Portland State University ("PSU" or "Defendant"),[1] ECF 16, to dismiss Plaintiff Wash Ouma's Complaint, ECF 1. Defendant moves to dismiss all claims with prejudice under Federal Rules of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, 12(b)(2) for lack of personal

---

[1] Plaintiff purports to sue PSU and PSU's Registrar's Office as separate defendants, but as Defendant points out, the Registrar's Office is not a distinct entity. Mot., ECF 16 at 7 n.4. This Court construes Plaintiff's Complaint to be against PSU only.

PAGE 1 – OPINION AND ORDER ON MOTION TO DISMISS

jurisdiction, 12(b)(4) for insufficient service, and 12(b)(6) for failure to state a claim upon which relief can be granted. Mot., ECF 16 at 1.

As discussed below, Plaintiff failed to properly serve Defendant, but a final opportunity to serve Defendant is warranted under the circumstances.

This Court determines that Plaintiff's equal protection claim is barred by sovereign immunity and his allegations are insufficient to plausibly allege intentional discrimination based on race. This claim is dismissed with leave to amend.

Plaintiff's state law claims also fail. Plaintiff's educational discrimination claim similarly fails to allege intentional discrimination, is not timely, and does not comply with the mandatory notice requirement. Plaintiff's "educational malpractice" claim also fails to satisfy this notice requirement, is time-barred, and fails to state a claim. Leave to amend these two claims is denied on futility grounds. This Court also concludes that Plaintiff inadequately pleaded claims for breach of contract and fraudulent misrepresentation, but he has leave to amend his complaint to reallege these claims if he believes that amendment is appropriate. Plaintiff must serve any amended complaint and summons on PSU and file proof of service with the Court to avoid dismissal of this action.[2]

## BACKGROUND

This is the second time Plaintiff has filed suit against Defendant based on PSU's award of Plaintiff's bachelor's degree. In his initial action, Plaintiff sued PSU for allegedly awarding him the wrong degree. Notice of Removal, Complaint, Case No. 3:23-cv-01795-YY, ECF 1-1, at 4.

---

[2] Plaintiff may consult Chapter 8 of the District of Oregon's Handbook for Self-Represented Parties for instructions on how to properly serve Defendant, available at https://www.ord.uscourts.gov/phocadownload/userupload/prose/Handbook%20for%20Self-Represented%20Parties.pdf.

PAGE 2 – OPINION AND ORDER ON MOTION TO DISMISS

On March 19, 2024, this Court adopted Magistrate Judge You's Findings & Recommendations ("F&R") and granted PSU's motion to dismiss without prejudice for lack of service and failure to state a claim. F&R, Case No. 3:23-cv-01795-YY, ECF 13; Order, Case No. 3:23-cv-01795-YY, ECF 15.

Turning to this case, although the Complaint is somewhat difficult to follow, the Court discerns the following facts from the Complaint. Plaintiff became a PSU student in 1992. Complaint ("Compl."), ECF 1 at 6. He was in good academic standing, with 227 credit hours for bachelor's degrees programs and 69 in masters/PhD programs. *Id.* at 7. On June 17, 2023, PSU awarded Plaintiff a Bachelor of Science in liberal studies. *Id.* at 35. Plaintiff alleges that PSU promised to award Plaintiff his degree on July 28, 2022, but did not do so. *Id.* at 11. Plaintiff alleges that PSU failed to timely provide him with his undergraduate degree before registering him for masters and PhD courses while timely awarding such degrees to white students. *Id.* at 8. Plaintiff is Black and alleges that a white PSU Registrar's Office employee called him an academic failure and the n-word. *Id.* at 8, 11.

On June 21, 2024, Plaintiff filed this action for (1) breach of contract; (2) educational malpractice; (3) unlawful discrimination in education under O.R.S. 659-850; (4) fraudulent misrepresentation; and (5) a violation of the Fourteenth Amendment Equal Protection Clause. *Id.* at 14–15. On October 10, 2024, this Court issued an Order to Show Cause because Plaintiff had failed to properly serve Defendants, ECF 6. On October 30, 2024, Defendant filed its Motion to Dismiss, ECF 16.

## DISCUSSION

This Court first addresses whether Plaintiff properly served Defendant, and then addresses each of Plaintiff's claims in turn.

PAGE 3 – OPINION AND ORDER ON MOTION TO DISMISS

**A. Improper Service**

PSU moves to dismiss under Rule 12(b)(4) for insufficient process and Rule 12(b)(2) for lack of personal jurisdiction. Mot., ECF 16 at 4. A federal court lacks personal jurisdiction over a defendant if the defendant was not properly served. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). While Plaintiff has not shown that he properly served Defendant, he has demonstrated good cause or excusable neglect.

**1. Plaintiff Failed to Properly Effect Service**

Defendant argues that Plaintiff's service was insufficient because Plaintiff failed to serve a summons on PSU. Mot., ECF 16 at 4. Plaintiff maintains that he did serve the Summons and Complaint on Defendant. Response to Motion to Dismiss ("Resp."), ECF 19 at 2.

Plaintiff is required to serve the complaint and summons on Defendant. Fed. R. Civ. P. 4(c)(1) (requiring that a complaint and summons be delivered for proper process of service); Or. R. Civ. P. 7(D)(1) (same). Failure to serve a summons is "fatal" and cannot be excused by the defendant's actual notice of the pending action. *Adnan v. Whole Foods Mkt. Pac. Nw., Inc.*, No. CV 10-44-MO, 2010 WL 1335144, at *4 (D. Or. Mar. 30, 2010). When a defendant challenges service, the plaintiff bears the burden of establishing proper service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *see also Freestream Aircraft (Bermuda) Ltd. v. Aero L. Grp.*, 905 F.3d 597, 602 (9th Cir. 2018) ("[T]he plaintiff bears the burden of demonstrating that its allegations establish a prima facie showing of personal jurisdiction.").

Plaintiff filed his Complaint on June 21, 2024. ECF 1. Service was due by September 19, 2024. *See* Fed. R. Civ. P. 4(m) (providing 90-day limit for service after complaint is filed). Plaintiff filed a certificate of service, ECF 5, but did not issue a summons, let alone serve one on Defendant, within this timeframe. On October 1, 2024, this Court issued an Order to Show Cause for insufficient service and gave Plaintiff fourteen additional days to effect service. ECF 6. In

PAGE 4 – OPINION AND ORDER ON MOTION TO DISMISS

response, Plaintiff timely issued a summons, ECF 8, and filed proof of service, ECF 9. Plaintiff then filed an affidavit of service a week after Defendant's Motion to Dismiss was fully briefed, ECF 21.

Plaintiff's certificate of service, proof of service, and affidavit of service each reflect "service" on Defendant through the U.S. Postal Service's Certified Mail service with return receipt. *See* ECF 5, 9, 21. It is entirely unclear from these filings what documents Plaintiff mailed to PSU. These filings provide no evidence that Plaintiff delivered a copy of the summons and complaint to PSU. A copy of the summons appears in the proof of service, but Plaintiff did not complete the enclosed form that asks about service of the summons. *See* ECF 9 at 2. For its part, PSU submitted a declaration of Clair Callaway Pinkerton, the employee responsible for handling PSU's legal mail, in support of its motion to dismiss. ECF 18 ¶ 2. Ms. Pinkerton attests that the mailings PSU received from Plaintiff with respect to this case did not include a summons. *Id.* ¶ 5. Plaintiff has not carried his burden of showing that he served the summons on PSU and thus has not shown effective service.

    **2. Rule 4(m) Analysis**

Since Plaintiff's attempted service on Defendant was insufficient, this Court must assess what relief is appropriate. This Court must determine whether Plaintiff has shown good cause for the delay, and if so, the court must extend the time for service. Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). If not, courts have "broad" discretion to dismiss the action without prejudice. Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d at 513. Alternatively, if the plaintiff shows excusable neglect, the court may extend the time for service. *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009). Defendant argues that this Court should dismiss Plaintiff's Complaint with prejudice and does not address the good cause or excusable

PAGE 5 – OPINION AND ORDER ON MOTION TO DISMISS

neglect standards. *See* Mot., ECF 16 at 1, 4–5. Based on the record, this Court concludes that Plaintiff has demonstrated good cause, or, at the very least, excusable neglect.

Factors pointing to good cause include: the defendant received actual notice of the lawsuit; the defendant would suffer no prejudice; and the plaintiff would be severely prejudiced if his complaint were dismissed. *In re Sheehan*, 253 F.3d at 512. A plaintiff may be prejudiced by the dismissal if the statute of limitations will have expired. *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 773 (9th Cir. 2004). Similarly, excusable neglect factors include: the danger of prejudice to the defendant; the length of the delay and its potential impact on the proceedings; the reason for the delay; and whether the plaintiff acted in good faith. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000); *Lemoge*, 587 F.3d at 1192.

Here, Plaintiff would be severely prejudiced if this Court dismissed this action because, as discussed below, Plaintiff has leave to amend his equal protection claim, and this claim may be barred by the statute of limitations if he had to refile. Defendant does not argue that it has suffered prejudice. Further, the length of delay is not substantial. Plaintiff appears to have acted in good faith by repeatedly attempting to serve Defendant, and he states that any failure to comply with Rule 4 was unintentional. Response to Order to Show Cause, ECF 7 at 2; *see Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987) ("Intentional delay of service is more inexcusable than inadvertence.").

This Court grants Plaintiff one final opportunity to properly serve Defendant with the summons and any amended complaint and to file appropriate proof of service with the Court. This Court will not grant Plaintiff any further leave absent extraordinary and unforeseeable circumstances.

PAGE 6 – OPINION AND ORDER ON MOTION TO DISMISS

B. Rule 12(b) Defenses

    1. Legal Standards

This Court construes Plaintiff's filings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that documents filed by a self-represented litigant must be liberally construed, and the complaint "must be held to less stringent standards than formal pleadings drafted by lawyers").

A motion brought under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Under Rule 12(b)(1), a party may move to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party opposing the motion bears the burden of proving that the court possesses subject matter jurisdiction. *Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). District courts may consider affidavits when evaluating a Rule 12(b)(1) motion to dismiss. *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be

PAGE 7 – OPINION AND ORDER ON MOTION TO DISMISS

dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988).

A court "may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### 2. Equal Protection Claim

Defendant argues that Plaintiff has failed to state an equal protection claim because PSU is entitled to sovereign immunity and Plaintiff failed to allege discriminatory intent. Mot., ECF 16 at 6–8. Defendant also argues that this claim is barred by the statute of limitations. *Id.* at 8. This Court agrees that Plaintiff has failed to state an equal protection claim, but grants leave to amend as it is not untimely.

Defendant argues that PSU is not a "person" subject to liability under 42 U.S.C. § 1983. *Id.* at 7. State agencies that are an "arm of the state" are shielded from suit under the doctrine of sovereign immunity and are not "persons" under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). PSU, like other state universities, is an "arm of the state" and is immune from suit under § 1983. *Brainard v. W. Or. Univ.*, No. 3:17-CV-0253-SI, 2017 WL 1534191, at *3 (D. Or. Apr.

PAGE 8 – OPINION AND ORDER ON MOTION TO DISMISS

26, 2017); *Harrell v. S. Or. Univ.*, No. CIV. 08-3037-CL, 2009 WL 321014, at *2–3 (D. Or. Feb. 9, 2009). Sovereign immunity thus bars Plaintiff's equal protection claim.[3]

In any event, Defendant is correct that Plaintiff has failed to allege an equal protection claim. *See* Mot., ECF 16 at 7. The Equal Protection Clause provides in relevant part: "[n]o State shall * * * deny any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. It requires the government to treat all similarly situated people equally. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013). To state a claim for a violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013).

Plaintiff alleges that he is Black and that PSU discriminated against him on the basis of race and ethnicity because PSU "failed to timely provide" him "with equal academic services, advises, information[], guidance, degrees, diplomas" as PSU provided to white students. Compl., ECF 1 at 15 (emphasis omitted). Plaintiff further alleges that a white PSU Registrar Department official called him derogatory slurs including the "n-word" and an "academic failure." *Id.* at 8 (emphasis omitted). Plaintiff does not allege when these statements occurred in comparison to the timing of the degree conferral. Even construing Plaintiffs allegations liberally and drawing all inferences in his favor, Plaintiff has failed to plausibly allege facts to show that Defendant's failure to timely award Plaintiff's degree was motivated by discriminatory intent based on race. Plaintiff is granted leave to amend if he believes that he can cure these defects.

---

[3] Plaintiff does not allege facts from which this Court can construe his equal protection claim to be against specific individuals. Regardless, such construction is not necessary as Plaintiff otherwise fails to state an equal protection claim, as described below.

Defendant also argues that Plaintiff's equal protection claim is time-barred. Mot., ECF 16 at 8. Defendant asserts that this claim accrued on July 28, 2022, when PSU allegedly failed to award Plaintiff the degree as promised. *Id.* Section 1983 claims accrue "when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015). This Court agrees that Plaintiff's equal protection claim accrued on July 28, 2022, as he knew or had reason to know on that date that PSU did not award his degree on that date as promised. The statute of limitations for this claim is two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (holding statute of limitations for § 1983 actions is borrowed from the state statute of limitations for personal injury torts); O.R.S. 12.110(1) (creating two-year statute of limitations for personal injury torts). Plaintiff filed this lawsuit on June 21, 2024, Compl., ECF 1, within the statute of limitations.

Defendant argues that this claim is nevertheless barred because "plaintiff did not effectuate proper service" within the statute of limitations. Mot., ECF 16 at 8. But Plaintiff need not have effectuated service within the statute of limitations for this federal claim. By timely filing the Complaint, Plaintiff tolled the statute of limitations. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1291, 1293 (9th Cir. 2006) ("Rule 3 provides the tolling rule for a borrowed state statute of limitations when an action is brought under federal law."); *Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) ("[W]e hold that a § 1983 action is commenced in federal district court for purposes of the statute of limitations when the complaint is filed."). Plaintiff's equal protection claim is not barred by the statute of limitations.

   3. **O.R.S. 659.850 Claim**

Defendant argues that Plaintiff's educational discrimination claim fails because he did not allege that he was treated differently based on race, he did not allege compliance with the

PAGE 10 – OPINION AND ORDER ON MOTION TO DISMISS

grievance requirement, this claim is time-barred, and he failed to allege that he provided notice as required under the Oregon Tort Claims Act ("OTCA"). Mot., ECF 16 at 9–10.

O.R.S. 659.850 prohibits discrimination in schools that receive state funds. For purposes of the statute, "discrimination" means: "any act that unreasonably differentiates treatment, intended or unintended, or any act that is fair in form but discriminatory in operation, either of which is based on race . . . ." O.R.S. 659.850(1)(a)(A).

Like his equal protection claim, Plaintiff fails to plausibly allege facts to show that Defendant discriminated against him based on his race. Leave to amend is not appropriate because, as discussed below, this claim is time-barred and fails to allege compliance with the OTCA notice requirement.

Claims under O.R.S. 659.850 must be filed within one year of filing a grievance with the university's governing board, and, in turn, the grievance must have been filed within 180 days of the alleged discrimination. O.R.S. 659.860(2)–(3). Plaintiff has not alleged that he filed a grievance with PSU, and this action was filed nearly two years after the date on which Defendant allegedly promised to award Plaintiff's degree, July 28, 2022. Even if Plaintiff timely filed a grievance, he failed to file this action within one year of any grievance. Plaintiff's state law discrimination claim is thus time-barred. *See Camarata v. Portland Cmty. Coll.*, No. 3:19-CV-00738-HZ, 2019 WL 4723769, at *4 (D. Or. Sept. 26, 2019) (dismissing O.R.S. 659.850 claim as untimely where there was no allegation that a grievance was filed and the action was filed over two years after the incident). Leave to amend would be futile. *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) ("Futility alone can justify a court's refusal to grant leave to amend.").

PAGE 11 – OPINION AND ORDER ON MOTION TO DISMISS

Further, this claim must be dismissed because Plaintiff failed to comply with the OTCA notice requirement. The OTCA requires plaintiffs bringing claims other than wrongful death to provide defendants with notice "within 180 days after the alleged loss or injury." O.R.S. 30.275(2). The notice requirement may be satisfied by formal or actual notice, by commencing the action within 180 days, or payment of the claim by or on behalf of the public body. *Id.* 30.275(3). Formal notice must contain a "description of the time, place and circumstances giving rise to the claim," the claimant's name, and mailing address. *Id.* 30.275(4)(b)–(c). Actual notice "is a communication that (1) allows the recipient to acquire 'actual knowledge of the time, place and circumstances' that give rise to the specific claim or claims that the plaintiff ultimately asserts; and (2) would lead a reasonable person to conclude that the plaintiff has a general intent to assert a claim." *Flug v. Univ. Of Oregon*, 335 Or. 540, 554 (2003) (emphasis omitted). The plaintiff has the burden of proving that sufficient notice was given. O.R.S. 30.275(7). Plaintiff failed to plead that he gave notice of this claim. *See Curtis v. Oregon*, No. 3:12-CV-02369-BR, 2013 WL 3466533, at *4 (D. Or. July 9, 2013) (dismissing tort claims where pro se plaintiff failed to plead that he gave notice of his claim under the OTCA).

4. **Educational Malpractice Claim**

Plaintiff alleges that Defendant "acted arbitrarily and in bad faith" by failing to "timely provide" Plaintiff with his degree and by registering him in graduate courses before issuing Plaintiff's undergraduate degree. Compl., ECF 1 at 14. As Defendant points out, under Oregon law, courts can only review a university's academic decision if it was made arbitrarily or in bad faith. Mot., ECF 16 at 11; *Tate v. N. Pac. Coll.*, 70 Or. 160, 167 (1914) ("The faculties of colleges, who are authorized to examine their students and pass on the question whether the students have performed all the conditions prescribed, to entitle them to degrees, exercise quasi

PAGE 12 – OPINION AND ORDER ON MOTION TO DISMISS

judicial functions, and their decisions are conclusive, if they act within their jurisdiction, and in good faith, and not arbitrarily.").

Plaintiff's "educational malpractice" claim[4] must be dismissed because he failed to comply with the notice requirement of the OTCA as described above, and the claim is time-barred.

The statute of limitations for educational malpractice is two years. O.R.S. 12.110(1). In Oregon, an action is not commenced for statute of limitation purposes until the plaintiff has both filed the complaint and served the summons on the defendant. O.R.S. 12.020(1). If the summons is served on the defendant within sixty days of the filing of the complaint, then the action is deemed to have commenced on complaint's filing date. O.R.S. 12.020(2). The Ninth Circuit has held that O.R.S. 12.020 applies to Oregon law claims in federal court. *Torre v. Brickey*, 278 F.3d 917, 920 (9th Cir. 2002); *see Smith v. City of Portland*, No. 3:22-CV-927-SI, 2024 WL 2747502, at *5 (D. Or. May 29, 2024). Plaintiff failed to serve Defendant with the summons within sixty days of the filing of the complaint. This claim is dismissed without leave to amend as amendment would be futile.

**5.  Breach of Contract Claim**

Plaintiff alleges that PSU breached a contract with Plaintiff when PSU (1) failed to timely provide Plaintiff with a liberal studies degree on July 28, 2022, as promised; and (2) failed to provide Plaintiff's degree before registering Plaintiff and collecting tuition from him for masters/PhD courses. Compl., ECF 1 at 7–8. "To state a claim for breach of contract, plaintiff

---

[4] This Court does not understand Plaintiff to be making an educational malpractice claim, even though he labels it as one. He does not appear to challenge any academic decision, but rather the administerial issue of when he received his degree. To the extent that Plaintiff is challenging the former, Defendant is correct that he has not alleged facts sufficient to show bad faith or arbitrariness on the part of PSU.

PAGE 13 – OPINION AND ORDER ON MOTION TO DISMISS

must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Huskey v. Dep't of Corr.*, 329 Or. App. 397, 399 (2023).

Defendant argues that Plaintiff has failed to allege the existence of a contract, consideration, or breach. Mot., ECF 16 at 13. This Court agrees. Plaintiff alleges that PSU promised that PSU would "immediately and timely award" him with a degree "without further delay (Exhibit 8)," Compl., ECF 1 at 21, but Exhibit 8 contains no such promise. Exhibit 8 is an email exchange between Plaintiff and a PSU employee who recommends that Plaintiff request a liberal arts degree. *Id.* at 41. This email makes no mention of when Plaintiff will be awarded this degree. Plaintiff has further not alleged what consideration PSU received in exchange for making such a promise. *See Kornbrodt v. Equitable Tr. Co.*, 137 Or. 386, 392 (1931) ("There must be a consideration for every contract . . . .").

Plaintiff is granted leave to amend if he believes that he can cure these defects.

### 6. Fraudulent Misrepresentation

Defendant argues that Plaintiff fails to state a claim for fraudulent misrepresentation. Mot., ECF16 at 14.

A claim for fraudulent misrepresentation requires a plaintiff to prove the following elements: "(1) a representation; (2) its falsity; (3) its materiality; (4) the defendant's knowledge of its falsity or ignorance of its truth; (5) the defendant's intent that the representation should be acted on by the plaintiff and in the manner reasonably contemplated; (6) the plaintiff's ignorance of its falsity; (7) the plaintiff's reliance on its truth; (8) the plaintiff's right to rely on the representation; (9) and the plaintiff's resulting injury." *Smallwood v. Fisk*, 146 Or. App. 695, 700 (1997). Additionally, as PSU observes, fraud claims must be alleged under the heightened standard required by Federal Rule of Civil Procedure 9(b).

PAGE 14 – OPINION AND ORDER ON MOTION TO DISMISS

Plaintiff's fraudulent misrepresentation claim appears to be based on alleged false statements that PSU made to the court in the previous lawsuit:

> Defendants PSU et al knowingly and recklessly provided those concerned and even this court with[] false, fraudulent and misleading information: a) regarding plaintiff's academic qualifications; b) they lied and continued to lie that the Defendants PSU "awarded" plaintiff with a political science minor degree on June 17, 2023; c) also they lied that plaintiff is claiming for a "social studies" degree; d) also they lied that plaintiff became a PSU student for the first time in the year 1997 through year 2002. e) Also they lied that plaintiff only claim for "a degree[.]" Plaintiff['s] claim [was] for equal and appropriate timely proper services, academic advises, information, degrees, diplomas, as they/PSU been timely providing for their non-colored white students e) the list of the Defendants PSU'[s] reckless fraudulent misrepresentation of this matter goes on and on.

Compl., ECF 1 at 16–17 (emphasis omitted). These allegations, construed liberally, do not satisfy prongs three through nine. It is unclear how these alleged false representations are material. Plaintiff has not alleged that PSU knew of their falsity or ignorance of their truth or that PSU intended Plaintiff to act on these representations. These allegations simply suggest that Plaintiff disagreed with PSU's presentation of the facts in its motion to dismiss. Plaintiff has not alleged that he was ignorant of the falsity of these alleged representations or that he relied on their truth in any way. Finally, Plaintiff has not alleged any injury as a result of any representations.

Plaintiff is granted leave to amend this claim if he believes he can cure these defects.

## CONCLUSION

Defendant's Motion to Dismiss, ECF 16, is GRANTED. Any amended complaint must be filed on or before April 7, 2025. Additionally, Plaintiff must serve any amended complaint and Summons on Defendant and file proof of service on or before April 14, 2025.

//

**IT IS SO ORDERED.**

DATED this 7th day of March, 2025.

/s/ Karin J. Immergut<br>
Karin J. Immergut<br>
United States District Judge